IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
WESTERN DIVISION

| | | |
|---|---|---|
| CLARISSA RIDDLE and JASON RIDDLE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: |
| MICHAEL OLIVER, A-ONE BAIL BONDS, LLC, ADAM BURT, and BRYN LEIGH JOHNSON. | ) ) ) ) ) | Judge: |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs, CLARISSA RIDDLE and JASON RIDDLE, by and through their attorney, Joshua M. Feagans of GRIFFIN | WILLIAMS, LLP, hereby complain of and against Defendants, MICHAEL OLIVER, A-ONE BAIL BONDS, LLC, ADAM BURT and BRYN LEIGH JOHNSON, as follows:

### Parties, Venue & Jurisdiction

1. Plaintiff, Clarissa Riddle ("Mrs. Riddle"), is an individual that resides in DeKalb, Illinois and is a citizen of the state of Illinois.

2. Plaintiff, Jason Riddle ("Mr. Riddle"), is an individual that resides in DeKalb, Illinois and is a citizen of the state of Illinois.

3. Defendant Michael Oliver ("Oliver") is an individual that operates as a bail bondsman and, on information and belief, is employed by, owns, operates or otherwise controls A-One Bail Bonds, LLC ("A-One"), a Mississippi limited liability company, from an office at 249 E.

1

Commerce Street, Hernando, Mississippi. Oliver and A-One are citizens of the state of Mississippi.

4. Defendant, Adam Burt ("Burt"), is an individual that does business as a bounty hunter and resides at 8020 Epperson Mill Road, Millington, Tennessee. Burt is a citizen of the state of Tennessee.

5. Defendant, Bryn Leigh Johnson ("Johnson"), is an individual that does business as a bounty hunter and resides at 1147 Claylick Road, Dickson, Tennessee. Johnson is a citizen of the state of Tennessee.

6. Jurisdiction of this Court is based on diversity of citizenship, 28 U.S.C. § 1332, as there is complete diversity and the matters in controversy, exclusive of interest and costs, exceed the sum of $75,000.

7. Venue is proper in this District under 18 U.S.C. § 1391 because a substantial part of the events or omission giving rise to the claim occurred in DeKalb, Illinois and because Defendants conduct business in this District.

## Factual Background

8. Bounty hunting is a profession whereby certain states license individuals to pursue and capture persons for a reward or "bounty". Bounty hunters are often hired by bail bondsmen when an person's bail is revoked, and the person has not been remanded into custody, even in situations where the person has not been found guilty of a crime or the offense at issue is as minor as a traffic ticket.

9. Even though other states such as Mississippi have legalized bounty hunting, bounty hunting is illegal in Illinois in all respects and has been since 1963.

10. On or before July 13, 2018, Oliver and A-One hired Johnson and Burt to pursue and capture, otherwise known as "hunt", Mrs. Riddle.

11. On or about July 13, 2018, Johnson and Burt, acting in the scope of their contract with Oliver and A-One, lured Mrs. Riddle and her husband to a Casey's General Store located at 1001 N. Annie Glidden Road, DeKalb, Illinois under false pretenses for the purposes of and with the express intent of abducting Mrs. Riddle and delivering her to Oliver and A-One.

12. At all times relevant hereto, Burt was openly carrying a handgun on his person in violation of Illinois law and Johnson possessed a handgun under her control.

13. On or about July 13, 2018, Burt approached Mrs. Riddle at gun point at the Casey's General Store located at 1001 N. Annie Glidden Road, DeKalb, Illinois and, against her will, bound her hands with handcuffs and forced Mrs. Riddle into a vehicle controlled by Johnson and Burt.

14. Upon observing the actions of Johnson and Burt as described herein, Mr. Riddle rushed to his wife's aid at the Casey's General Store located at 1001 N. Annie Glidden Road, DeKalb, Illinois. At that time, Mr. Riddle was stopped by Burt, who with his hand on his handgun, held Mr. Riddle at bay with the threat of deadly force and threatened Mr. Riddle to not pursue Johnson and Burt as they fled with Mrs. Riddle and to not contact the police.

15. Fearing for his life and the life of his wife, Mr. Riddle was helpless and was forced to obey Burt. However, once Burt and Johnson left the Casey's General Store, Mr. Riddle immediately attempted to follow the vehicle driven by Burt and Johnson. Burt and Johnson quickly lost Mr. Riddle as they drove erratically, at high speeds and through red lights and stop signs to avoid Mr. Riddle.

16. Thereafter, Burt and Johnson continued to shackle Mrs. Riddle in their vehicle as they drove through Illinois, Missouri and into Arkansas and transported Mrs. Riddle from her home and family against her will. At all relevant times, Burt and Johnson possessed firearms, body armor and other weapons.

17. After stopping in Arkansas and meeting an unknown individual to sign paperwork, Burt and Johnson continued to transport Mrs. Riddle to Mississippi against her will, under threat of force and while remaining shackled. Upon arriving in Mississippi and outside of the town of Hernando, Burt and Johnson delivered Mrs. Riddle to an unknown individual who, on information and belief, was an agent of Oliver and A-One.

18. Thereafter, the unknown individual delivered Mrs. Riddle, against her will, to the legal authorities in Hernando, Mississippi.

19. As a direct and proximate result of the actions of Burt and Johnson, as the agents of Oliver and A-One, Mrs. Riddle was deprived of her liberty and freedom, suffered physical and emotional pain and suffering and other economic and non-economic damages.

20. As a direct and proximate result of the actions of Burt and Johnson, as the agents of Oliver and A-One, Mr. Riddle was deprived of his freedom and suffered physical and emotional pain and suffering and other economic and non-economic damages.

### COUNT I-False Imprisonment (Clarissa Riddle)

21. The allegations of Paragraphs One through Twenty are realleged as though fully set forth herein.

22. As alleged herein, Burt and Johnson, acting on their own accord and as the agents of Oliver and A-One, restrained, detained, shackled and abducted Mrs. Riddle against her will.

23. At all relevant times, Burt and Johnson knew or should have known that it was unlawful for them to restrain, detain, shackle and abduct Mrs. Riddle in Illinois and that they were acting without lawful justification.

24. The Defendants actions were intentional, malicious, criminally unlawful and outrageous.

25. As a proximate result of the acts alleged herein, Mrs. Riddle is entitled to compensatory and punitive damages in an amount to be proven at trial.

WHEREFORE, CLARISSA RIDDLE respectfully requests that judgment be entered in her favor and against MICHAEL OLIVER, A-ONE BAIL BONDS, LLC, ADAM BURT and BRYNN JOHNSON, jointly and severally, for compensatory damages in an amount in excess of $75,000.00 and to be determined by the trier of fact, plus punitive damages to be determined by the trier of fact, court costs and for such other and further relief as is deemed equitable and just.

### COUNT II-False Imprisonment (Jason Riddle)

26. The allegations of Paragraphs One through Twenty are realleged as though fully set forth herein.

27. As alleged herein, Burt and Johnson, acting on their own accord and as the agents of Oliver and A-One, detained and confined Mr. Riddle against his will.

28. At all relevant times, Burt and Johnson knew or should have known that it was unlawful for them to detain and confine Mr. Riddle and that they were acting without lawful justification.

29. The Defendants actions were intentional, malicious, criminally unlawful and outrageous.

30. As a proximate result of the acts alleged herein, Mr. Riddle is entitled to compensatory and punitive damages in an amount to be proven at trial.

WHEREFORE, JASON RIDDLE respectfully requests that judgment be entered in his favor and against MICHAEL OLIVER, A-ONE BAIL BONDS, LLC, ADAM BURT and

BRYNN JOHNSON, jointly and severally, for compensatory damages in an amount in excess of $75,000.00 and to be determined by the trier of fact, plus punitive damages to be determined by the trier of fact, court costs and for such other and further relief as is deemed equitable and just.

### COUNT III-Battery (Clarissa Riddle)

31. The allegations of Paragraphs One through Twenty are realleged as though fully set forth herein.

32. As alleged herein, Burt and Johnson, acting on their own accord and as the agents of Oliver and A-One, intended to cause a harmful and offensive contact with the person of Mrs. Riddle.

33. As alleged herein, Burt and Johnson, acting on their own accord and as the agents of Oliver and A-One, harmfully contacted the person of Mrs. Riddle.

34. At all relevant times, Mrs. Riddle did not consent to the harmful contact of Burt and Johnson.

35. The Defendants actions were intentional, malicious, criminally unlawful and outrageous.

36. As a proximate result of the acts alleged herein, Mrs. Riddle is entitled to compensatory and punitive damages in an amount to be proven at trial.

WHEREFORE, CLARISSA RIDDLE respectfully requests that judgment be entered in her favor and against MICHAEL OLIVER, A-ONE BAIL BONDS, LLC, ADAM BURT and BRYNN JOHNSON, jointly and severally, for compensatory damages in an amount in excess of $75,000.00 and to be determined by the trier of fact, plus punitive damages to be determined by the trier of fact, court costs and for such other and further relief as is deemed equitable and just.

### COUNT IV-Assault (Jason Riddle)

37. The allegations of Paragraphs One through Twenty are realleged as though fully set forth herein.

38. As alleged herein, Burt and Johnson, acting on their own accord and as the agents of Oliver and A-One, intentionally and unlawfully threatened to cause corporal injury to Mr. Riddle by force.

39. At all relevant times, Burt and Johnson, had the means to corporally injure Mr. Riddle as they possessed firearms and other weapons.

40. At all relevant times, Mr. Riddle reasonably believed that Burt and Johnson were going to harm him.

41. The Defendants actions were intentional, malicious, criminally unlawful and outrageous.

42. As a proximate result of the acts alleged herein, Mr. Riddle is entitled to compensatory and punitive damages in an amount to be proven at trial.

WHEREFORE, JASON RIDDLE respectfully requests that judgment be entered in his favor and against MICHAEL OLIVER, A-ONE BAIL BONDS, LLC, ADAM BURT and BRYNN JOHNSON, jointly and severally, for compensatory damages in an amount in excess of $75,000.00 and to be determined by the trier of fact, plus punitive damages to be determined by the trier of fact, court costs and for such other and further relief as is deemed equitable and just.

### COUNT V-Intentional Infliction of Emotional Distress (Clarissa Riddle)

43. The allegations of Paragraphs One through Twenty are realleged as though fully set forth herein.

44. As alleged herein, Burt and Johnson, acting on their own accord and as the agents of Oliver and A-One, engaged in, instigated and directed a course of extreme and outrageous

conduct with the intention, or reckless disregard of the probability of causing, emotional distress to Mrs. Riddle.

45. As a direct and proximate result of the acts alleged herein, Mrs. Riddle suffered severe and extreme emotional distress, entitling her to compensatory and punitive damages to be proven at trial.

WHEREFORE, CLARISSA RIDDLE respectfully requests that judgment be entered in her favor and against MICHAEL OLIVER, A-ONE BAIL BONDS, LLC, ADAM BURT and BRYNN JOHNSON, jointly and severally, for compensatory damages in an amount in excess of $75,000.00 and to be determined by the trier of fact, plus punitive damages to be determined by the trier of fact, court costs and for such other and further relief as is deemed equitable and just.

**COUNT VI-Intentional Infliction of Emotional District (Jason Riddle)**

46. The allegations of Paragraphs One through Twenty are realleged as though fully set forth herein.

47. As alleged herein, Burt and Johnson, acting on their own accord and as the agents of Oliver and A-One, engaged in, instigated and directed a course of extreme and outrageous conduct with the intention, or reckless disregard of the probability of causing, emotional distress to Mr. Riddle.

48. As a direct and proximate result of the acts alleged herein, Mr. Riddle suffered severe and extreme emotional distress, entitling her to compensatory and punitive damages to be proven at trial.

WHEREFORE, JASON RIDDLE respectfully requests that judgment be entered in his favor and against MICHAEL OLIVER, A-ONE BAIL BONDS, LLC, ADAM BURT and BRYNN JOHNSON, jointly and severally, for compensatory damages in an amount in excess of

$75,000.00 and to be determined by the trier of fact, plus punitive damages to be determined by the trier of fact, court costs and for such other and further relief as is deemed equitable and just.

### COUNT VII-Negligence (Clarissa Riddle)

49. The allegations of Paragraphs One through Twenty are realleged as though fully set forth herein.

50. At all relevant times, Burt and Johnson owed a duty of care to Mrs. Riddle so as to ensure she was not wrongfully restrained, detained, shackled or abducted.

51. As alleged herein, Burt and Johnson, acting on their own accord and as the agents of Oliver and A-One, breached their duty of care by negligently acting or failing to act in such a way that resulted in Mrs. Riddle's wrongful restraint, detention, shackling and abduction which they knew posed a substantial risk of grave harm and injury to Mrs. Riddle.

52. Burt and Johnson were acting with the scope of their agency with Oliver and A-One when they breached their duties to Mrs. Riddle.

53. As a direct and proximate result of the Defendants' actions and inaction, Mrs. Riddle has suffered and continues to suffer damages in an amount to be proven at trial.

WHEREFORE, CLARISSA RIDDLE respectfully requests that judgment be entered in her favor and against MICHAEL OLIVER, A-ONE BAIL BONDS, LLC, ADAM BURT and BRYNN JOHNSON, jointly and severally, for damages in an amount in excess of $75,000.00 and to be determined by the trier of fact, court costs and for such other and further relief as is deemed equitable and just.

### COUNT VIII-Negligence (Jason Riddle)

54. The allegations of Paragraphs One through Twenty are realleged as though fully set forth herein.

55. At all relevant times, Burt and Johnson owed a duty of care to Mr. Riddle so as to ensure he was not wrongfully detained and confined.

56. As alleged herein, Burt and Johnson, acting on their own accord and as the agents of Oliver and A-One, breacheded their duty of care by negligently acting or failing to act in such a way that resulted in Mr. Riddle's wrongful detention and confinement which they knew posed a substantial risk of grave harm and injury to Mr. Riddle.

57. Burt and Johnson were acting with the scope of their agency with Oliver and A-One when they breached their duties to Mr. Riddle.

53. As a direct and proximate result of the Defendants' actions and inaction, Mr. Riddle has suffered and continues to suffer damages in an amount to be proven at trial.

WHEREFORE, JASON RIDDLE respectfully requests that judgment be entered in his favor and against MICHAEL OLIVER, A-ONE BAIL BONDS, LLC, ADAM BURT and BRYNN JOHNSON, jointly and severally, for damages in an amount in excess of $75,000.00 and to be determined by the trier of fact, court costs and for such other and further relief as is deemed equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.


Respectfully Submitted,

CLARISSA RIDDLE and JASON RIDDLE,


By: /s/ Joshua M. Feagans
      One of Their Attorneys

10

Joshua M. Feagans, Esq. / 6286141
Griffin | Williams LLP
21 North Fourth Street
Geneva, IL  60134
Phe:    (630) 524-2563
Fax:    (630) 262-0644
E-Mail:  jfeagans@gwllplaw.com